IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW J. ROYER, by          )
HARRY J. ROYER,               )
                              )
            Plaintiff,        )
                              )
       v.                     )   Civil Action No. 11-14J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for child's supplemental security income ("CSSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d. Cir. 1999). Where the ALJ's findings are supported by substantial evidence, a reviewing court is bound by those findings, even if it

would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

On January 10, 2008, Harry J. Royer filed an application for CSSI on behalf of his minor son, Matthew J. Royer[1], alleging a disability onset date of March 28, 1994 (his date of birth), due to bilateral club feet and a learning disorder. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on February 4, 2010, at which Matthew, represented by counsel, and his father appeared and testified. On February 25, 2010, the ALJ issued a decision finding that Matthew is not disabled. On November 18, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Under the basic definition of disability for children set forth in the Act, an individual under the age of eighteen shall be considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i); <u>see</u> <u>also</u> 20 C.F.R. §416.906.

---

[1] Matthew was fifteen-years old at the time of the hearing before the ALJ.

AO 72
(Rev. 8/82)

In determining whether a child is disabled under the Act, the ALJ must determine in sequence: (1) whether the child is doing substantial gainful activity; (2) if not, whether the child has a severe impairment; (3) if so, whether the child's impairment meets, medically equals, or functionally equals the listing of impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.   20 C.F.R. §416.924(a).

Here, the ALJ found at step 2 that Matthew suffers from the severe impairments of a learning disorder, an oppositional defiant disorder, and a history of bilateral club feet status post surgical repair with associated degenerative joint disease.[2] However, after reviewing Matthew's medical records, school records, and teacher/counselor questionnaires, and considering the testimony of both Matthew and his father, the ALJ found that those impairments, alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P, nor do they result in limitations that functionally equal the listings.   As a result, the ALJ found at step 3 that Matthew is not disabled within the meaning of the Act.

Plaintiff raises two challenges to the ALJ's finding of not disabled at step 3: (1) the ALJ erred in finding that Matthew's impairments do not meet or medically equal any listing; and, (2) the ALJ erred in finding that Matthew's impairments do not

---

[2]   At step 1, there is not dispute that Matthew has never engaged in substantial gainful activity. (R. 12).

AO 72
(Rev. 8/82)

functionally equal any listing. After reviewing the record, this court is satisfied that the ALJ's findings are supported by substantial evidence.

At step 3 of the sequential evaluation process for children, the ALJ must determine whether a claimant's severe impairments meet, medically equal, or functionally equal a listed impairment. 20 C.F.R. §416.924(d). The regulations set forth specific rules for evaluating whether the claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926(a)).

First, plaintiff's challenge to the ALJ's step 3 finding that Matthew's impairments do not meet or medically equal any listed impairment is without merit. In making this finding, the ALJ adhered to the standards set forth in §§416.925 and 416.926. He identified the relevant listings for disorders of the musculoskeletal system (101.00) and for mental disorders (112.00 *et seq.*), (R. 12), and set forth his rationale as to why Matthew's impairments do not meet or medically equal any of those listings, particularly, Listings 101.00, *et seq.*, relating to his severe impairment of bilateral club feet status post surgical repair with associated degenerative joint disease, and Listings 112.02, 112.05 and 112.08 relating to his learning disorder and oppositional defiant disorder. (R. 12-13).

Plaintiff now contends that his impairments meet or medically equal Listings 101.02 and/or 112.02. However, plaintiff presented

no medical evidence establishing that either Matthew's club foot with associated degenerative joint disease nor his learning or emotional disorders meet or medically equal all of the criteria for either of those listings.

As to Listing 101.02, the ALJ expressly found that there is no evidence of an inability to ambulate effectively which would be required to meet the A criteria of that listing. The ALJ pointed out that a physical exam performed by Dr. Sathya in January of 2010 showed Matthew to be well with normal sensory and motor neurological findings, normal lower extremity joints and a normal gait. (R. 13). He further noted that although Matthew has been prescribed orthotics and braces, there is no evidence that he ever has been prescribed a hand-held assistive device for ambulation. As to Listing 112.02, the ALJ explicitly found that there is no evidence of marked impairment in age-appropriate cognitive/communicative, social or personal functioning or marked difficulties in maintaining concentration, persistence or pace. (R. 12).

In order to show that a medical condition meets or equals the severity of a listed impairment, a claimant must present medical findings which meet or equal in severity all of the criteria for a listed impairment. Sullivan v. Zebley, 493 U.S. 521, 531 (1989). Here, plaintiff failed to produce such evidence, and the evidence which was before the ALJ does not support such a finding. As the ALJ noted, no medical source of record opined that Matthew's impairments meet or medically equal any listing and, to

the contrary, the state agency medical consultants who reviewed Matthew's file concluded that his impairments do not meet or medically equal any listing.   Accordingly, the court finds no error in the ALJ's step 3 finding that Matthew's impairments do not meet or medically equal any listed impairment.[3]

Plaintiff next contends that the ALJ erroneously found that Matthew's impairments do not functionally equal the listings. Under the regulations, an impairment functionally equals the listings if it results in "marked" limitations[4] in two domains of functioning or an "extreme" limitation[5] in one domain.   20 C.F.R. §416.926a(a).   The six domains of functioning to be considered in this evaluation are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself;   and   (6)   health   and   physical   well-being. §416.926a(b)(1)(i)-(vi).

---

[3]   Plaintiff's suggestion that the ALJ failed to consider the limiting effects of all of Matthew's impairments in combination is belied by the record.   The ALJ expressly noted that Matthew does not have "an impairment or a combination of impairments that meets or medically equals one of the listed impairments," (R. 12), and a review of the ALJ's decision confirms that his analysis considered all of Matthew's impairments in combination.

[4]   The regulations describe a "marked" limitation as "more than moderate" but "less than extreme."   §416.926a(e)(2)(i).   A "marked" limitation in a domain will be found "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities."   Id.

[5]   An "extreme" limitation is a limitation that is "more than marked" but does not necessarily mean a total lack or loss of ability to function.   §416.926a(e)(3)(i).

AO 72
(Rev. 8/82)

In this case, the ALJ determined that Matthew has "less than marked" limitations in the domains of acquiring and using information; attending and completing tasks; interacting and relating with others; and health and physical well-being. The ALJ also found that Matthew has "no" limitations in the domains of moving about and manipulating objects and caring for yourself. (R. 14-23). Accordingly, because the ALJ did not find marked limitations in any two domains of functioning, or extreme limitations in any one, he concluded that Matthew's impairments are not functionally equivalent in severity to any listed impairment.

Plaintiff contends that the record supports a finding that, Matthew has at least marked limitations in four domains: interacting and relating to others; attending and completing tasks; caring for yourself; and, health and physical well-being. Upon review, the court is satisfied that there is substantial evidence in the record supporting the ALJ's finding that Matthew does not have marked limitations in any of the domains.

In determining that Matthew's impairments do not functionally equal the listings, the ALJ thoroughly and exhaustively considered all of the relevant evidence of record relating to all of the domains of functioning and he properly evaluated all of that evidence in light of the criteria set forth in §416.926a of the regulations. (R. 14-23). The substantial evidence in support of the ALJ's finding is set forth in detail in his decision and need not be reiterated here.

Conversely, plaintiff has pointed to no relevant medical or other evidence which would support a finding of marked limitations in any of the six domains.  In fact, there is no such evidence. As a finding of functional equivalence requires marked limitations in at least two domains, or extreme limitations in one domain, the ALJ's finding that Matthew's impairments do not functionally equal the listings must be affirmed.

After carefully and methodically considering all of the evidence of record, the ALJ determined that William is not disabled within the meaning of the Act.  The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.  Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  J. Kirk Kling, Esq.
     630 Pleasant Valley Boulevard, Suite B
     Altoona, PA 16602

     Stephanie L. Haines
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901